IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MICHAEL OKPOR, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civ. No.15-480-SLR |
| | ) |
| TRANS CARGO, LLC, et al., | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM**

1. **Introduction.** Plaintiff Michael Okpor ("plaintiff") proceeds pro se and has been granted leave to proceed in forma pauperis. He filed this lawsuit on June 11, 2015, alleging violations of his civil rights, consumer fraud, theft, and breach of contract. (D.I. 2) Plaintiff claims jurisdiction by reason of diversity citizenship of the parties[1] and federal questions.

2. **Standard of Review.** A federal court may properly dismiss an action sua sponte under the screening provisions of 28 U.S.C. § 1915(e)(2)(B) if "the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief." *Ball v. Famiglio*, 726 F.3d 448, 452 (3d Cir. 2013). The court must accept all factual allegations in a complaint as true and take them in the light most favorable to a pro se plaintiff. *Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008); *Erickson v. Pardus*, 551 U.S.

---

[1] It is not clear if the parties are diverse. Both plaintiff and AES Shipping have New Jersey addresses. Regardless, even if the parties are not diverse, the complaint states a federal claim and the court may exercise supplemental jurisdiction over the state claims pled in the complaint. *See* 28 U.S.C. §§ 1331, 1332, 1367.

89, 93 (2007). Because plaintiff proceeds pro se, his pleading is liberally construed and his complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. at 94 (citations omitted).

3. An action is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Under 28 U.S.C. § 1915(e)(2)(B)(i), a court may dismiss a complaint as frivolous if it is "based on an indisputably meritless legal theory" or a "clearly baseless" or "fantastic or delusional" factual scenario. *Neitzke*, 490 at 327-28; *Wilson v. Rackmill*, 878 F.2d 772, 774 (3d Cir. 1989); *see, e.g., Deutsch v. United States*, 67 F.3d 1080, 1091-92 (3d Cir. 1995).

4. The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) is identical to the legal standard used when ruling on Rule 12(b)(6) motions. *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999) (applying Fed. R. Civ. P. 12(b)(6) standard to dismissal for failure to state a claim under § 1915(e)(2)(B)). However, before dismissing a complaint or claims for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. § 1915, the court must grant plaintiffs leave to amend the complaint unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).

5. A well-pleaded complaint must contain more than mere labels and conclusions. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). A plaintiff must plead facts sufficient to show that a claim has substantive plausibility. *See Johnson v. City of Shelby*, ___U.S.___, 135 S.Ct. 346, 347

(2014). A complaint may not dismissed, however, for imperfect statements of the legal theory supporting the claim asserted. See id. at 346. When determining whether dismissal is appropriate, the court must take three steps: "(1) identify[] the elements of the claim, (2) review[] the complaint to strike conclusory allegations, and then (3) look[] at the well-pleaded components of the complaint and evaluat[e] whether all of the elements identified in part one of the inquiry are sufficiently alleged." *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011). Elements are sufficiently alleged when the facts in the complaint "show" that the plaintiff is entitled to relief. *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)). Deciding whether a claim is plausible will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

6. **Discussion**. Plaintiff alleges violations of his civil rights under 42 U.S.C. §§ 1984, 1985, and 1986 "and more." The civil cover sheet refers to "U.S. 1982 – 1998." This memorandum addresses §§ 1982, 1983, 1985, and 1986, but will not address §§ 1987 through 1992 and §§ 1994 through 1997 as it finds those statutes inapplicable to the complaint as currently pled.[2] The complaint contains three counts: (1) count one alleges a fraudulent act by deceit or misrepresentation, deliberately performed, by depriving plaintiff of his Mack dump truck; (2) count two alleges breach of the implied covenant of good faith and fair dealing; and (3) count three alleges discrimination.

---

[2] Section 1984 is "omitted" from the United States Code, § 1993 has been repealed, and there is no § 1998.

3

7. In 2013, plaintiff made plans to have his Mack truck shipped to Nigeria. He delivered the truck to defendant AES Shipping ("AES") and, two days after the truck arrived, plaintiff was involved in an accident that resulted in his total disability. He notified AES and defendant Trans Cargo LLC ("Trans Cargo")[3] about the accident. Trans Cargo told plaintiff that his truck was being held at the port authority. Based upon the allegations it appears that, at some point in time, two other trucks were stored at the port.

8. In April 2015, plaintiff went to Trans Cargo to retrieve his truck. Trans Cargo advised plaintiff that he was required to pay for storage of the three trucks before Trans Cargo would release the trucks to him. Plaintiff made a deal with Trans Cargo that he would return in May to pay for the storage. When plaintiff returned in May to pay the storage costs, he discovered that only two trucks were available. Plaintiff alleges that the best dump truck was stolen by Trans Cargo and defendant Luis Mundy ("Mundy"), the manager of Trans Cargo.

9. Plaintiff confronted Mundy who call plaintiff racial names and made racial threats to plaintiff such as "dirty African you don't have nothing in this country" and "I sold the truck nigger go back to Nigeria, this is [an] American truck and it belongs to America." Plaintiff alleges that Mundy's acts were racially discriminatory. (D.I. 2)

---

[3] Trans Cargo which is located adjacent to the Port of Wilmington, Delaware, is the terminal operating arm of AutoPort (a certified full-service automotive conversion, restyling and processing center). With AutoPort, Trans Cargo prepares automobiles, trucks and oversized rolling stock units for export onboard specially built automobile and truck carriers to Middle Eastern, African and Mediterranean markets through the Port of Wilmington. See http://www.portofWilmington.com/HTML/our_port/PR/news_AutoPort_sign_10_year_lease_with_Wilmington_052009.htm (Aug. 4, 2015).

Plaintiff alleges that the discrimination and illegal acts of defendants "offended, humiliated and tended to degrade plaintiff to his demand of his trucks." Plaintiff alleges that he paid several thousands of dollars towards the storage, that AES and Trans Cargo kept the original titles of the trucks, and they would not release the titles to him even after he paid the storage fees.

10. **42 U.S.C. § 1982**. The court liberally construes plaintiff's complaint and finds that he has stated a valid claim under 42 U.S.C. § 1982[4] (a statute referenced in the civil cover sheet) on the claims raised against Mundy.

11. **42 U.S.C. § 1983**. To the extent plaintiff raises a claim under § 1983, the claim fails. When bringing a § 1983 claim, a plaintiff must allege that some person has deprived him of a federal right, and that the person who caused the deprivation acted under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). There are no allegations that any defendant is a state actor. Therefore, the claim will be dismissed as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

12. **42 U.S.C. § 1985 and § 1986**. The complaint fails to state claims pursuant to 42 U.S.C. § 1985 and § 1986. Subsection (3) of Section 1985 provides a cause of action against a person who conspires "for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges

---

[4] 42 U.S.C. § 1982 provides that "[a]ll citizens of the United States shall have the same right, in every state and Territory, as is enjoyed by white citizens thereof to inherit, purchase, lease, sell, hold, and convey real and personal property." 42 U.S.C. § 1982. "To establish a cognizable claim under § 1982, a plaintiff 'must allege with specificity facts sufficient to show . . . (1) the defendant's racial animus; (2) intentional discrimination; and (3) that the defendant deprived plaintiff of his [property] rights because of race." *Crane v. Cumberland Cnty.*, 64 F. App'x 838, 841 (3d Cir. 2003), quoting *Brown v. Philip Morris, Inc.*, 250 F.3d 789, 797 (3d Cir. 2001)).

5

and immunities under the laws." 42 U.S.C. § 1985(3). Plaintiff makes various allegations about defendants' involvement in the alleged acts, but makes no real allegations about any role in a conspiracy. In addition, plaintiff makes no allegations of any actions which would demonstrate an actual agreement to conspire. *See Boykin v. Bloomsburg Univ. of Pa.*, 893 F. Supp. 409, 418 (M.D. Pa. 1995) (Mere conclusory allegations that a conspiracy existed will not survive a motion to dismiss). In addition, without a § 1985 claim, there can be no claim under 42 U.S.C. § 1986. *See Rogin v. Bensalem Twp.*, 616 F.2d 680, 696 (3d Cir. 1980) ("Because transgressions of § 1986 by definition depend on a preexisting violation of § 1985, if the claimant does not set forth a cause of action under the latter, its claim under the former necessarily must fail also."). Accordingly, the court will dismiss the §§ 1985 and 1986 claims for failure to state claims upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). Since it appears plausible that plaintiff may be able to articulate a claim against defendants (or name alternative defendants), he will be given an opportunity to amend this claim in this regard.

13. **State Claims**. Liberally construing the complaint, plaintiff has alleged what appear to be cognizable fraud and breach of the implied covenant of good faith and fair dealing claims under Delaware law. *See Stephenson v. Capano Develop., Inc.*, 462 A.2d 1069, 1074 (Del. 1983) (setting forth the elements of common law fraud), and *Charlotte Broadcasting, LLC v. David Broadcasting of Atlanta, L.L.C.*, 2015 WL 3863245, at *6 (Del. Super. 2015) (setting for the elements of breach of the implied covenant of good faith and fair dealing).

6

14. **Conclusion**. For the above reasons, plaintiff will be allowed to proceed on the 42 U.S.C. § 1982 claim against Mundy and the supplemental state claims. All other claims will be dismissed as frivolous and for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and (ii). Plaintiff will be given leave to amend the 42 U.S.C. §§ 1985 and 1986 claims. A separate order shall issue.

_____
UNITED STATES DISTRICT JUDGE

Date: August 17, 2015