IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| MICHAEL OKPOR, | ) |
| --- | --- |
| Plaintiff, | ) ) ) |
| v. | ) Civ. No.15-480-SLR ) |
| TRANS CARGO, LLC, et al., | ) ) |
| Defendants. | ) ) |

**MEMORANDUM**

1. **Introduction.** Plaintiff Michael Okpor ("plaintiff") proceeds pro se and has been granted leave to proceed in forma pauperis. He filed this lawsuit on June 11, 2015, alleging violations of his civil rights, consumer fraud, theft, and breach of contract. (D.I. 2) The court screened the original complaint, allowed plaintiff to proceed with a 42 U.S.C. § 1982 claim against defendant Luis M. Mundy ("Mundy") and supplemental claims under Delaware law of fraud and breach of the implied covenant of good faith and fair dealing, dismissed the remaining claims, and gave plaintiff leave to amend. (D.I. 5, 6) Plaintiff filed an amended complaint on September 16, 2015. (D.I. 7)

2. **Standard of Review.** A federal court may properly dismiss an action sua sponte under the screening provisions of 28 U.S.C. § 1915(e)(2)(B) if "the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief." *Ball v. Famiglio*, 726 F.3d 448, 452 (3d Cir. 2013). The court must accept all factual allegations in a complaint as true and take them in the light most favorable to a pro se plaintiff. *Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008); *Erickson v. Pardus*, 551 U.S.

89, 93 (2007). Because plaintiff proceeds pro se, his pleading is liberally construed and his complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. at 94 (citations omitted).

3. An action is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Under 28 U.S.C. § 1915(e)(2)(B)(i), a court may dismiss a complaint as frivolous if it is "based on an indisputably meritless legal theory" or a "clearly baseless" or "fantastic or delusional" factual scenario. *Neitzke*, 490 at 327-28; *Wilson v. Rackmill*, 878 F.2d 772, 774 (3d Cir. 1989); *see, e.g., Deutsch v. United States*, 67 F.3d 1080, 1091-92 (3d Cir. 1995).

4. The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) is identical to the legal standard used when ruling on Rule 12(b)(6) motions. *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999) (applying Fed. R. Civ. P. 12(b)(6) standard to dismissal for failure to state a claim under § 1915(e)(2)(B)). However, before dismissing a complaint or claims for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. § 1915, the court must grant plaintiffs leave to amend the complaint unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).

5. A well-pleaded complaint must contain more than mere labels and conclusions. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). A plaintiff must plead facts sufficient to show that a claim has substantive plausibility. *See Johnson v. City of Shelby*, ___U.S.___, 135 S.Ct. 346, 347

2

(2014). A complaint may not dismissed, however, for imperfect statements of the legal theory supporting the claim asserted. *See id.* at 346. When determining whether dismissal is appropriate, the court must take three steps: "(1) identify[] the elements of the claim, (2) review[] the complaint to strike conclusory allegations, and then (3) look[] at the well-pleaded components of the complaint and evaluat[e] whether all of the elements identified in part one of the inquiry are sufficiently alleged." *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011). Elements are sufficiently alleged when the facts in the complaint "show" that the plaintiff is entitled to relief. *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)). Deciding whether a claim is plausible will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

6. **Discussion**. The amended complaint adds defendant Michael DeCandia ("DeCandia") and contains five counts. Plaintiff alleges violations of his civil rights under 42 U.S.C. §§ 1982, 1983, 1985, and 1986 and also raises supplemental state claims under Delaware law. The amended complaint contains the same basic allegations as those raised in the original complaint, includes additional facts alleging a conspiracy, and includes facts relative to the claims raised against DeCandia. (*See* D.I. 5 for relevant facts of the case)

7. **42 U.S.C. § 1983**. In count two, plaintiff specifically raises 42 U.S.C. § 1983 claims. However, for the same reasons as discussed in the court's August 17, 2015 memorandum, the claim fails. (*See* D.I. 5, 6) Therefore, the § 1983 claims will be dismissed as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

3

8. **Conclusion.** For the above reasons, the court will dismiss the 42 U.S.C. § 1983 claim as legally frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i). Plaintiff will be allowed to proceed on the remaining claims against defendants, including the 42 U.S.C. §§ 1982, 1985, and 1986 claims and supplemental state claims. A separate order shall issue.

UNITED STATES DISTRICT JUDGE

Date: 11/4, 2015

4